UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHI HURSEY,

                Plaintiff,              Case No. 2:15-cv-145

v.                                      HON. GORDON J. QUIST

DIANE ANDERSON, et al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Dashi Hursey pursuant to 42 U.S.C. § 1983. Defendant Physician's Assistant Jason Vayre filed a motion for summary judgment. (ECF No. 84).[1] Plaintiff filed a response. (ECF No. 117). Defendant Vayre filed a reply to Plaintiff's response. (ECF No. 121).[2] Plaintiff argues that Defendant denied him medical care in retaliation for Plaintiff's grievance and litigation filings.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at

---

[1] Plaintiff refers to Defendant Vayre as Defendant Vayier.
[2] Defendant Vayre argues that assertions that he violated Plaintiff's rights in June of 2012, were not alleged in Plaintiff's complaint and never exhausted by a grievance.

324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff asserts that Defendant Vayre withheld medical care due to Plaintiff's litigation. Defendant Vayre denies that he retaliated against Plaintiff. Defendant Vayre states that he never denied Plaintiff medical care and provided Plaintiff with appropriate medical care at all times. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory

conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Vayre argues that he provided the same care to Plaintiff that Plaintiff would have received even if he had never filed a lawsuit.  Defendant Vayre worked as a physician's assistant at Marquette Branch Prison (MBP) between January 3, 2012, and May 20, 2014.  (Affidavit of Jason Vayre, P.A., ECF No. 84-1, PageID.805).  During his course of employment, Defendant Vayre examined Plaintiff for numerous medical concerns.  On July 26, 2012, Defendant examined Plaintiff for complaints of nosebleed and classical migraine headaches.  Plaintiff was provided Tylenol and advised to follow-up as needed.  (ECF No. 86-1, PageID.828-829).  On August 21, 2012, Defendant Vayre performed a chart review.  Defendant Vayre ordered Plaintiff a Proventil HFA inhaler and renewed prescriptions for Qvar, Colace, and Tums.  (PageID.832-833). On August 29, 2012, Defendant examined and treated Plaintiff for asthma.  Defendant noted that if the medication Protonix decreased Plaintiff's attacks, it would be continued after one month (PageID.834-835).

On September 7, 2012, Plaintiff complained to Defendant Vayre that he needed a base detail because he could not climb stairs due to his bad knees.  Defendant Vayre informed Plaintiff that he needed to go up seven flights of stairs to go to the chow hall, and if Defendant Vayre gave him a medical detail limiting stair climbing, Plaintiff would have to eat his meals in his cell.  Plaintiff stated that he would speak to the deputy warden to have him request the detail.  When Defendant Vayre offered to speak to the deputy warden for Plaintiff, Plaintiff declined the offer stating that would violate confidentiality.  Defendant Vayre noted that he had observed Plaintiff walk up and down stairs without difficulty and there existed no reason for Plaintiff to

3

have a base detail (PageID.837-838).  Defendant Vayre noted in a chart update on September 10, 2012, that he had erroneously renewed a psychological medication which should be done by "psych," if necessary.  (PageID.839-840).  Defendant Vayre conducted a chart review on October 19, 2012, and renewed Plaintiff's Tylenol and Tums medications.  (PageID.841-842).

On October 22, 2012, Plaintiff complained that his right shoulder was hurting from his September 9, 2011, surgery to repair a grade 5 AC separation, that his feet had dry skin, and that his stomach hurt where he had a hernia incision.  Defendant Vayre referred Plaintiff to shoulder physical therapy, instructed Plaintiff to purchase moisturizing cream from the prison store for his dry feet, and educated Plaintiff regarding post-surgical adhesions.  (PageID.843-845).  On October 30, 2012, Defendant noted that physical therapy was approved for Plaintiff.  (PageID.848-849).  On November 5, 2012, Defendant Vayre examined Plaintiff noting that he was able to remove his long sleeve shirt without distress, hesitation, or discomfort.  (PageID.850-851).  Plaintiff continued with physical therapy and used large rubber bands for strength exercises.  (PageID.852-858).

Defendant Vayre did not see Plaintiff again until July 8, 2013, due to a transfer to a different facility.  On that date, Plaintiff was examined for complaints related to asthma. (PageID.885-887).  Plaintiff was seen by Defendant on August 22, 2013, for complaints of shoulder and headache pain.  Plaintiff requested a Pain Management Clinic (PMC) evaluation. (PageID.888-889).  Defendant conducted a PMC evaluation on August 29, 2013, and submitted a request for a PMC review.  (Affidavit of Jason Vayre, ECF No. 84, PageID.810) (PageID.892-895).  During September of 2013, Defendant evaluated Plaintiff's requests for tinted lenses and boxer shorts.  (PageID.896-903).

4

On October 8, 2013, Defendant Vayre noted that Plaintiff had not had his PMC review. (PageID.904-910). As a result, a PMC review was conducted. After the PMC review, Defendant Vayre met with Plaintiff to discuss the recommendations which included using Tylenol, self-massage, heat, range of motion, and stretching exercises. (PageID.911-912). Plaintiff presented with complaints of sinus pressure on October 24, 2017. Defendant Vayre treated Plaintiff for a sinus infection by prescribing an antibiotic. (PageID.913-914). On October 29, 2013, Defendant Vayre renewed Plaintiff's prescriptions for Protonix and Senna. Defendant Vayre examined Plaintiff on December 27, 2013, and on January 2, 2014, and reordered Plaintiff's antibiotic medication. (PageID.920-922). Defendant Vayre examined Plaintiff on January 8, 2014, to address Plaintiff's request for boxer shorts and his asthma symptoms. (PageID.923-924). Defendant Vayre's request for further review of Plaintiff's request for boxer shorts was deferred by a physician on January 9, 2014. (PageID.926). During January 2014, Defendant Vayre conducted chart reviews and renewed Plaintiff's medications. (PageID.927-930).

Plaintiff complained of pain in his forearm during a February 18, 2014, visit with Defendant Vayre. Defendant Vayre ordered an x-ray. (PageID931-932). The x-ray revealed no abnormalities. (PageID.933). Plaintiff complained of left shoulder pain on March 10, 2014. Plaintiff was able to move both arms freely without signs of discomfort. Defendant Vayre requested an orthopedic consult, which was subsequently denied. (PageID.935-936). It was noted that a consult was not demonstrated as medically necessary at this time and alternative action was requested. The rejection of Defendant Vayre's request stated: "Repaired Grade 3 AC joint separation repaired and not another Grade 4 separation for over 14 months. No recent xray of

5

shoulder. Investigate how reinjured his shoulder as mechanism of injury may well be mechanism of pain. Life style change without weight lifting for example may be in order." (PageID.940).

On March 20, 2014, Plaintiff explained that he had fallen in the shower and possibly reinjured his shoulder immediately after surgery. Defendant Vayre ordered a shoulder x-ray. (PageID.943-944). On March 28, 2014, Defendant Vayre prescribed an antibiotic due to Plaintiff's complaints of sinus discharge. (PageID.945-946).

Plaintiff's shoulder x-ray revealed no fracture, but the absence of the distal clavicle was consistent with his previous injury or arthritis, resulting in widening at the AC joint, and exacerbated with weight bearing suggesting underlying ligament instability. (PageID.947). Defendant Vayre examined Plaintiff on April 17, 2014, and informed Plaintiff that the results of the x-ray did not show anything that was unexpected. Plaintiff did not appear to be in distress. Plaintiff was encouraged to resume physical therapy to strengthen the shoulder joint. (PageID.950-951). This is the last time Defendant Vayre had contact with Plaintiff.

Plaintiff has made an unsupported allegation that Defendant Vayre told him he would make it difficult for Plaintiff to get medical care at MBP. Plaintiff states that Defendant Dr. Wijay Agunaratine[3] lied about Plaintiff's range of motion and shoulder strength. In addition, Plaintiff asserts that Defendant Dr. Wijay Agunaratine mistakenly mixed up Plaintiff's medical records with another prisoner's file. Importantly, Plaintiff has presented no evidence that Defendant Vayre took retaliatory action against Plaintiff. Although, Plaintiff has alleged that Defendant Vayre denied him medical care in retaliation for Plaintiff's grievance submission and litigation activities, the medical records submitted by Defendant Vayre show that he provided

---

[3] Also referred as "Dr. Wijayagunaratine."

6

appropriate care and never denied Plaintiff any treatment.  In fact, Defendant Vayre responded to each of Plaintiff's requests for care.  While the records show that Plaintiff was not provided with orthopedic care, Defendant Vayre made a request for orthopedic care.  However, that request was rejected and an alternative course of treatment was recommended, which included an x-ray and a determination as to the cause of shoulder pain.  Defendant Vayre followed-up on the recommendation and the x-ray revealed nothing that was unexpected due to Plaintiff's history of an AC joint injury that had been surgically repaired.  Defendant Vayre recommended that Plaintiff continue with physical therapy to increase the strength in the shoulder joint.  In the opinion of the undersigned, there exists no evidence which could tend to show that Defendant Vayre took any retaliatory action, either adverse or causally related to Plaintiff's grievance or litigation activities.  In fact, the record shows that Defendant Vayre acted appropriately in treating Plaintiff.

Plaintiff filed a motion to assert a new retaliation claim regarding his failure to receive requested photocopies.  (ECF No. 104).  Defendants Contreas, Meleko, Gluesing, and Agunaratine filed a response stating that Plaintiff's request should be denied because it is not properly developed and supported.  Plaintiff states that Defendants have told their friends and colleagues to deny Plaintiff photocopies.  Plaintiff explains that he no longer knows if what "Novak & Zopuw state is true or false."  Plaintiff requests that the court order "officials" to make photocopies and stop making excuses.   Plaintiff asserts that the MDOC fails to follow policy.  Plaintiff does not specifically describe what documents he wants photocopied or why he needs photocopies.  Plaintiff has failed to explain how Defendants violated policy or how his federal or Constitutional rights are violated by his failure to receive photocopies.

7

Plaintiff filed a motion for reconsideration and appeal regarding his ongoing retaliatory claim. (ECF No. 115). Plaintiff asserts that he has not received a response to his objections and several staff members continue to retaliate against him. Plaintiff would like authentic photocopies of his records. He would like to inspect employee records and copies of emails and responses. Plaintiff believes it is unfair that Defendants' motions are granted and that his motions are denied. Plaintiff requests appointment of counsel and a court order allowing him to purchase a typewriter. Plaintiff requests that the undersigned be recused from this case. Plaintiff has not been denied relevant discovery materials or access to the courts. Plaintiff has shown that he understands the facts of his case and that he has the ability to represent himself during these proceedings. In the opinion of the undersigned, appointment of counsel is not necessary. Finally, Plaintiff has failed to show any reason for recusal of the undersigned.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Vayre's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 84) be granted dismissing Defendant Vayre from this lawsuit. It is further recommended that Plaintiff's motion to add a new retaliation claim regarding his failure to obtain photocopies (ECF No. 104) and Plaintiff's motion for reconsideration and appeal regarding his ongoing retaliation claims (ECF No. 115) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 3, 2018

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).