UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHI HURSEY,

    Plaintiff,

v.                                                      Case No. 2:15-CV-145

DIANE ANDERSON, et al.,                    HON. GORDON J. QUIST

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This is a civil rights action brought by state prisoner Dashi Hursey under 42 U.S.C. § 1983. Defendant Jason Vayre filed a motion for summary judgment. (ECF No. 84.) Hursey responded. (ECF No. 117.) Vayre replied. (ECF No. 121.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court grant Vayre's motion. (ECF No. 122.) The R & R also recommended that the Court deny Hursey's motion to add a new claim (ECF No. 104) and motion for reconsideration and appeal regarding ongoing retaliation claims (ECF No. 115.) Hursey objected to the R & R (ECF No. 132), and Vayre responded to the objections (ECF No. 141).

Hursey filed a motion for extension of time to respond to the R & R, requesting that the Court consider the Objections that he filed as timely. (ECF No. 130.) It appears the Clerk's office inadvertently mailed the R & R to the wrong prisoner at the wrong prison, so Hursey did not receive the R & R in a timely manner. Hursey also changed prisons, further delaying his mail. Accordingly, the Court will grant his motion for extension of time and consider his objections to be timely filed. Hursey also filed a "Request to Produce Summary Judgment and Motion for

Extension of Time to File Response." (ECF No. 138.) Apparently, Hursey did not receive pages 3 of Vayre's Reply brief and 1 of Vayre's first exhibit—and what he did receive arrived late. Vayre, after seeing Hursey's filing, took the initiative and served a second copy of his Reply brief on Hursey—and filed a Certificate of Service with the Court as well. (ECF No. 142.) Therefore, Hursey's "request" is moot. Hursey's request for an extension of time to file a response is meritless—the filing in question was a Reply brief, not a new motion for summary judgment (as it appears Hursey believes). The Reply brief did not present new arguments so Hursey would not be entitled to a sur-reply. Therefore, the Court will deny Hursey's motion as it is moot and without merit.

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Hursey's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Hursey makes five objections to the R & R. First, Hursey argues that the R & R erred in concluding that Hursey has not been denied discovery materials. Hursey offers conclusory arguments and does not show that the R & R's conclusions are incorrect. "In short, there is no indication that Plaintiff made any prior efforts to obtain the medical records via either propounding to Defendants a discovery request or by making a request through MDOC Operating Procedure 3.04.108. Instead, the motion appears to be an effort by Plaintiff to obtain materials with this

Court's involvement, and for free." *Cowan v. Miller*, No. 2:15-CV-12428, 2016 WL 6030082, at *2 (E.D. Mich. Oct. 14, 2016). Accordingly, Hursey's first objection is without merit.

Second, Hursey objects to the R & R's rejection of Hursey's request for counsel. Appointment of counsel is a privilege justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Courts consider the type of case, the abilities of the plaintiff to represent himself, and the complexity of the factual and legal issues involved. *Id.* at 606. Hursey has not presented exceptional circumstances—his circumstances are common among pro se prisoner litigants. Accordingly, Hursey's second objection is without merit.

Third, Hursey objects to the R & R's conclusion that Hursey failed to show any reason for Magistrate Judge Greeley to be recused. Hursey alleges that he has a pending case against Magistrate Judge Greeley in the Michigan state court system. Hursey did not offer any evidence of this pending litigation, nor any reason to support a recusal. Accordingly, Hursey's third objection is without merit.

Fourth, Hursey argues that "he has not had time to file any response to Defendant Vayre's motion for summary judgment," and argues that the lack of time to file a response supports his argument that Magistrate Judge Greeley should be recused. Hursey *did* respond to Vayre's motion for summary judgment. (ECF No. 117.) The document he received on or around July 10, 2018, was Vayre's Reply to Hursey's Response. (ECF No. 121.) There was no basis to permit Hursey to file a second response, *i.e.*, a sur-reply, to Vayre's Reply. *See* W.D. Mich. L. Civ. R. 7.2(c). Hursey had already filed his Response, and the R & R considered that Response in concluding that Hursey "failed to sustain his burden of proof in response to Defendant Vayre's motion for summary judgment." (ECF No. 122 at PageID.1305.) Accordingly, Hursey's fourth objection is

without merit, and the Court will adopt the R & R and grant Vayre's motion for summary judgment.

Fifth, Hursey objects to the R & R's recommendation that Hursey's motion to add a new retaliation claim and motion for reconsideration and appeal be denied. Hursey's sole argument is that "[b]ecause this case comes down to credibility, weighing of the evidence, and inferences from the facts, this case should be allowed to move forward for a jury." (ECF No. 132 at PageID.1526.) This broad, conclusory argument does not cure Hursey's shortfalls highlighted by the R & R. Accordingly, Hursey's fifth objection is without merit.

Therefore, in accordance with the foregoing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time to Respond to the Magistrate's Report and Recommendation (ECF No. 130) is **GRANTED**, and Plaintiff's Motion to Produce Summary Judgment and Motion for Extension of Time to File Response (ECF No.138) is **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 122) is **APPROVED AND ADOPTED** as the Opinion of this Court and Plaintiff's Objections (ECF No. 132) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Vayre's Motion for Summary Judgment (ECF No. 84) is **GRANTED**, and Defendant Vayre is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to add a new claim (ECF No. 104) and Plaintiff's motion for reconsideration and appeal (ECF No. 115) are **DENIED**.

Dated: August 8, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE