UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHI HURSEY #273259,

        Plaintiff,

v.                               Case No. 2:15-cv-00145
                               HON.  GORDON J. QUIST

DIANE ANDERSON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a "Motion For Injunctive Relief" (ECF No. 134) and a "Motion For Injunctive Relief While An Appeal Is Pending." (ECF No. 158).  Plaintiff's complaint alleges that Defendants retaliated against him by denying him medical care and treatment.  Plaintiff is currently confined at the Ionia Correctional Facility.  Plaintiff states that when he was confined at the Marquette Branch Prison (MBP) his legal mail was opened outside his presence.  Plaintiff requests that the court order Marquette Branch Prison officials to stop mistreating him.  In addition, Plaintiff requests that the court order Defendants and other officials employed at Marquette Branch Prison to stop interfering with Plaintiff's ability to make copies and file court documents.  Plaintiff requests that the court order Defendants to stop their retaliation.

The issuance of preliminary injunctive relief is committed to the discretion of the district court.  *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

    1.  Whether the movant has shown a strong or substantial likelihood
or probability of success on the merits.
    2.  Whether the movant has shown irreparable injury.

    3.  Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert*. *denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights.

While Plaintiff is seeking injunctive relief against Defendants, he is also seeking injunctive relief against individuals who are not Defendants in this case. The Court does not have jurisdiction over individuals that are not parties to this action. *Zenith Radio Corp., v. Hazeltine Research Inc.*, 395 U.S. 100 (1969). Moreover, Plaintiff's request for injunctive relief is unrelated to the underlying action in this case. *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212,

220 (1945) (preliminary injunction appropriate to grant relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit.")

Plaintiff further requests an order from the court requiring Defendants and other MBP employees to stop retaliating.  A prison guard cannot harass or retaliate against a prisoner in violation of the Constitution.  Plaintiff's request for a temporary restraining order is unnecessary.  Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction.  Any interference by the federal courts in the administration of state prison matters is necessarily disruptive.  The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Plaintiff requests that the court order Defendants and other employees of MBP to refrain from violating his rights.  Plaintiff is no longer confined at MBP.  The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996); *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989); *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991).  These Sixth Circuit opinions contain only brief explanations of the reasoning supporting this rule.  Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or

3

demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct.  *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again.  *See, e.g., Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988); *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974).    A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally.  *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motions for injunctive relief (ECF No. 134 and No. 158) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 9, 2018