UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHI HURSEY #273259,

    Plaintiff,

v.                                                Case No. 2:15-CV-145

DIANE ANDERSON, et al.,                 HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING IN PART AND MODIFYING IN PART THE REPORT AND RECOMMENDATION

Plaintiff, Dashi Hursey, a state prisoner at a Marquette Branch Prison (MBP), a Michigan Department of Corrections (MDOC) facility, filed a "Motion for Injunctive Relief" (ECF No. 134) and a "Motion for Injunctive Relief While An Appeal is Pending" (ECF No. 158). Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that the Court deny both motions for injunctive relief. (ECF No. 165.)

Plaintiff has timely filed objections to the R & R. (ECF No. 171.)[1] Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] Plaintiff filed his objections to the R & R on November 1, 2018, beyond the time period allowed for the filing of objections. However, Plaintiff moved the Court to grant an extension of time because he was transferred to MBP the day after the R & R was mailed to his former address and it had to be re-mailed, causing a delay in receipt of the R & R. This Court granted his extension on November 5, 2018, so the objections were timely filed. (ECF No. 178.)

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with the limited modification that Plaintiff's claims for injunctive and declaratory relief are not moot because he has been returned to MBP after his temporary transfer to the Ionia Correctional Facility (ICF).

Plaintiff first disputes the magistrate judge's findings that Plaintiff failed to establish a likelihood of success on his claim that Defendants violated his federal rights. Plaintiff argues that the harms alleged were "not inconsequential acts, thus there is a substantial likelihood of success on the merits." (ECF No. 171 at PageID.1990.) However, the degree of harm alleged is not the same as likelihood of success on a claim. Plaintiff's argument that he alleged substantial harm does not change the Court's view that the magistrate judge was correct in concluding that Plaintiff had not established a substantial likelihood of success.

Plaintiff next argues that the magistrate judge erred in concluding that Plaintiff's request for injunctive relief is unrelated to the underlying action. However, the Court agrees with the magistrate judge that Plaintiff's request for injunctions to order MBP staff to stop mistreating him and to order MBP staff to stop interfering with his ability to make copies and file court documents is not sufficiently related to his claim that he was denied medical care and treatment.

Plaintiff also disputes the magistrate judge's conclusion that Plaintiff's request for a temporary injunction to order MBP officers to stop harassing or retaliating against Plaintiff is unnecessary. This Court agrees with the magistrate judge that there are already laws in place to prevent a prison guard from violating a prisoner's constitutional rights, so a preliminary injunction is unwarranted.

Finally, Plaintiff argues that his claims for declaratory and injunctive relief are not moot because he has been returned to MBP. At the time that the magistrate judge submitted the R & R,

Plaintiff was housed at ICF, so the magistrate judge was correct in finding that Plaintiff's claims for injunctive relief against MBP employees were moot. Now that Plaintiff has been returned to MBP, the Court will modify the R & R to reflect that Plaintiff's claims for injunctive and declaratory relief are not moot.

Therefore,

**IT IS HEREBY ORDERED** that the October 9, 2018, Report and Recommendation (ECF No. 165) is **MODIFIED** to reflect that Plaintiff's claims for declaratory and injunctive relief are not moot, but is otherwise **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Injunctive Relief" (ECF No. 134) and "Motion For Injunctive Relief While An Appeal Is Pending" (ECF No. 158) are **DENIED**.

Dated: December 4, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE