UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DASHI HURSEY #273259,

    Plaintiff,

v.

DIANE ANDERSON, et al.,

    Defendants.

_____/

Case No. 2:15-cv-00145

Hon. Gordon J. Quist
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

This is a civil rights action brought by state prisoner Dashi Hursey pursuant to 42 U.S.C. § 1983. On October 14, 2015, Hursey sued twenty-two prison employees for alleged violations of the First, Fifth, Eighth and Fourteenth Amendments. (ECF No. 1.) On November 16, 2015, this Court sua sponte issued a screening opinion that dismissed the case for failure to state a claim under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c). (ECF Nos. 6 and 7.)

On March 31, 2017, the Sixth Circuit vacated the dismissal of Hursey's retaliation claims against Defendants Contreas, Meleko, Gluesing, Wijayagunaratne[1], and Vayier, but affirmed the dismissal of all other claims and

---

[1] The docket in this case refers to this Defendant as Dr. Wijay Agunaratine. The Court of Appeals utilized this spelling. The Defendants' brief in support of their motion for summary judgment, however, refers to Dr. Wijayagunaratne. This Court will utilize the spelling presented in Defendants' brief.

1

defendants.  (ECF No. 19, PageID.121.)  The Sixth Circuit wrote the following about Hursey's retalatiation claims:

> But several of Hursey's other retaliation claims, when accepted as true, could pose "a sufficient deterrent threat to be actionable." *Id.* He asserted that Contreras kept him in segregation for thirteen extra days as a personal favor to Anderson and that "Meleko has continued to try to get [him] to . . . provide him sexual favors." And he accused Gluesing, Agunaratine, and Vayier of withholding medical treatment. These are not inconsequential acts. Accordingly, the district court erred when it dismissed Hursey's retaliation claims against these defendants.

(*Id.*, PageID.118.)  The Court of Appeals noted that Hursey's claims stemmed from "a long-standing feud with prison nurse Diane Anderson, who he alleged filed a false complaint of assault against him."  (*Id.*, PageID.114.)

Subsequent rulings by this Court resulted in dismissals of other defendants. On June 8, 2018, the Court dismissed Defendants Contreras and Meleko due to Hursey's failure to exhaust his administrative remedies with respect to his claims against them.  (ECF No. 116.)  And on August 8, 2018, the Court dismissed Defendant Vayier from this action.  (ECF No. 144.)

The remaining claims for retaliation are against Defendants RN Gabe Gluesing and Dr. Wijayagunaratne for withholding medical treatment.  (ECF No. 19, PageID.118.)

As noted in a previous Report and Recommendation, Hursey exhausted a claim against Defendant Gluesing for interfering with medical care in retaliation for Hursey's litigation activities against Gluesing's co-worker, nurse Anderson.  (*See* ECF No. 101, PageID.1014 (citing Grievance MBP-1409-1679-17A, which is found in

the record at ECF No. 65-3, PageID.663-67).)  This grievance identifies actions by Gluesing on September 23, 2014.  Similarly, Hursey exhausted a grievance against Defendant Wijayagunaratne for allegedly denying Hursey an orthopedic evaluation for his grade five shoulder separation due to his litigation activities against Defendants Gluesing and Anderson.  (*See* ECF No. 101, PageID.1015 (citing Grievance MBP-1408-1429-12D1, ECF No. 65-3, PageID.673-78).)  This grievance identifies actions by Wijayagunaratne on August 4, 2014.[2]

Defendants filed a motion for summary judgment.  (ECF Nos. 239 (motion), 240 (supporting brief and exhibits).)  Hursey filed a response.  (ECF Nos. 242 (response), 243 (supporting brief).)  Plaintiff did not include supporting affidavits or declarations.  And Defendants filed a reply.  (ECF No. 250.)

Defendants first argue that Hursey did not engage in protected conduct necessary to support a retaliation claim by filing a grievance against them *prior to* their alleged adverse actions.  Defendants focus on Hursey's statements regarding the protected conduct in which he allegedly engaged (including the filing of the complaint in this case) and the adverse action Defendants allegedly took, noting that Hursey's statements identify protected conduct that appears to follow the adverse action by Defendants.  They argue, quite logically, that an adverse action against a person cannot actually be retaliatory if that alleged adverse action precedes the

---

[2] In addition, it should be noted that Hursey's allegations regarding the incident involving the shoulder separation, were "apparently due to a mix up in paperwork: [Wijayagunaratne] referenced the wrong inmate's chart," and the Sixth Circuit affirmed the dismissal of those allegations against Defendant Wijayagunaratne. (ECF No. 19, PageID.119.)

3

protected conduct. Defendants further argue that Hursey has not supported his factual allegations with affidavits meeting the requirements of Fed. R. Civ. P. 56(c)(4) and that his complaint does not qualify as a "verified complaint" because he has not met the requirements of 28 U.S.C. § 1746. (ECF No. 240, PageID.2460-64.)

Hursey response brief is somewhat vague, but appears to miss the temporal argument advanced by Defendants. He identifies his protected conduct as his attempts to seek redress against Defendants, his filing grievances against Defendants and filing this lawsuit against Defendants. (ECF No. 243, PageID.2565.) He fails to specify dates for these protected actions. He then goes on to identify Defendants' adverse actions as deprivation of medical treatment. (*Id.*, PageID.2565-66.) He also refers to violations of the Fifth, Eighth and Fourteenth Amendments despite the fact that the Court has dismissed these claims. (*Id.*, PageID.2566.) In general, however, he appears to argue that Defendants retaliated against him by denying him adequate medical care due to grievances and complaints that he had previously filed against Defendants' coworker, RN Anderson.

The undersigned has reviewed the materials filed by the parties and respectfully recommends that the Court grant Defendants' motion for summary judgment and dismiss this case.

**II. Factual Allegations from Hursey's Complaint**

Hursey was confined at the Marquette Branch Prison (MBP) during the relevant time period. The remaining allegations involve the alleged retaliatory denial of medical care and treatment. Hursey says that Defendant Gabe Gluesing

4

told him that he did not like Hursey suing his friends, nurse Anderson and Defendant Dr. Wijayagunaratne. (ECF No. 1, PageID.14.) Hursey says that Defendant Gluesing retaliated against him by denying medical treatment on September 23, 2014. (*Id.*)

Hursey says that Defendant Dr. Wijayagunaratne denied him adequate medical treatment and made it difficult for him to get treatment at MBP. (*Id.*, PageID.14-15.) Based on the grievances in this case, this alleged deprivation took place on August 4, 2014.

### III. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

### IV. Retaliation

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to support a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). "If the defendant can show that he would have taken the same action in absence of protected activity, he is entitled to prevail on summary judgment." *Thaddeus-X*, 175 F.3d at 399.

As mentioned above, Defendants Gluesing and Wijayagunaratne argue that Hursey failed to show that he engaged in *prior* protected conduct. It is certainly true that Hursey refers to the filing of this lawsuit as protected conduct. (*See, e.g.*, ECF No. 243, PageID.2565.) The filing of a lawsuit is certainly protected conduct. But, here, all of the allegedly retaliatory conduct took place before Hursey filed this lawsuit. Thus, he cannot rely on his filing of this lawsuit as the protected conduct in this case. But that does not end the issue. As the Court of Appeals mentioned, Hursey's claims stemmed from "a long-standing feud with prison nurse Diane

Anderson, who he alleged filed a false complaint of assault against him." (ECF No. 19, PageID.114.) Hursey alleged that he engaged in protected conduct by filing grievances against Defendants' coworker, RN Anderson, beginning in 2012 or when he complained about her false testimony during a misconduct hearing for assault and battery. (*See* ECF No. 1, PageID.6-7 (complaint); ECF No. 240-2, PageID.2476-2477 (Plaintiff's deposition).)

Hursey's response to Defendants' motion for summary judgment and his statements in his deposition indicate that he has lost sight of the genesis of his lawsuit, which was his "feud" with RN Anderson. But the undersigned is unwilling to toss aside that starting point. Thus, the undersigned is unwilling to accept Defendants' temporal and causation arguments.

Defendants also argue that their actions did not amount to an adverse action that could sustain a retaliation claim. On this point, the undersigned agrees. Hursey alleges that Defendant Gluesing denied him treatment on September 23, 2014. However, the records here indicated that Defendant Gluesing was not working that day, as reflected by the Nursing Schedule. (ECF No. 240-3, PageID.2527.) In fact, Hursey was evaluated and treated that day by a Nurse Practitioner for shoulder pain because he had aggravated an older grade 3 shoulder separation that had been surgically repaired. (ECF No. 241-1, PageID.2539-2542.) Defendant Gluesing was not involved in the alleged denial of medical care on September 23, 2014. In the opinion of the undersigned, Defendant Gluesing is entitled to summary judgement on Hursey's retaliation claim because Hursey has

failed to show that Defendant Gluesing took adverse action against him on September 23, 2014, due to Hursey's grievances or complaints made against nurse Anderson.

Hursey alleges that Defendant Dr. Wijayagunaratne denied his request to see an orthopedic surgeon and physical therapist. (*See* ECF No. 65-3, PageID.673-78 (Grievance MBP-1408-1429-12D1).) The medical records here indicate that Dr. Wijayagunaratne saw Hursey in August 2014 (although not on August 4, 2014, as alleged in Hursey's grievance), examined his shoulder and recommended a course of treatment. First, the Clinical Progress Note dated August 8, 2014 indicate that Hursey was aware that the treating physician would decide whether an orthopedic specialist was necessary. (ECF No. 241-2, PageID.2544.) Second, Defendant Dr. Wijayagunaratne examined Hursey on August 11, 2014. (ECF No. 241-3, PageID.2549-2550.) Dr. Wijayagunaratne examined Hursey's left shoulder and found no change from the previous examination and that he had full range of motion. (*Id.*, PageID.2550.) Hursey requested physical therapy. Dr. Wijayagunaratne noted that Hursey was recently provided with a physical therapy program and was instructed to continue self exercises. (*Id.*, PageID.2549.)

In the opinion of the undersigned, the evidence in the record establishes that Hursey disagreed with the care that he received from Dr. Wijayagunaratne. But the record does not establish that Dr. Wijayagunaratne took some adverse action against Hursey due to some prior protected conduct. Defendant Wijayagunaratne examined Hursey and noted full range of motion in his shoulder and that an orthopedic consult was not necessary. (*Id.*, PageID.2550.) He further provided Hursey with

instruction to engage in physical therapy exercises. (*Id.*, PageID.2549.) In the opinion of the undersigned, Hursey's disagreement with Dr. Wijayagunaratne's treatment does not establish adverse conduct to support a retaliation claim.[3]

Finally, the Court notes that Hursey failed to support his response to Defendants' motion for summary judgment with affidavits or declarations or other materials, as required by Fed. R. Civ. P. 56(c). In ruling on a summary judgment motion, a court must decide whether a genuine issue of material fact remains. Fed. R. Civ. P. 56(a). The materials a court may consider in making this assessment are identified in Fed. R. Civ. P. 56(c). Courts, however, allow a plaintiff to rely on a "verified complaint," which has "'the same force and effect as an affidavit' for purposes of responding to a motion for summary judgment. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (citation omitted). Here, Hursey's complaint is not verified in the manner called for in 28 U.S.C. § 1746. (*See* ECF No. 1, PageID.17 (signature page of complaint).) In fact, a review of the record indicates that none of Hursey's responses to the *three* motions for summary judgment filed by Defendants was supported by affidavits or declarations or other materials identified in Fed. R. Civ. P. 56(c). (*See* ECF No. 79 (Hursey's response to first motion for summary judgment),

---

[3] It should also be noted that, in the context of an Eighth Amendment deliberate indifference claim, a prisoner's disagreement with the course of treatment recommended by a physician is not enough to show a constitutional violation. *See Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (noting that "[a]n inmate's 'disagreement with the testing and treatment he has received ... does not rise to the level of an Eighth Amendment violation' . . . [n]or does 'a desire for additional or different treatment ... suffice to support an Eighth Amendment claim.'" (citations omitted)).

ECF No. 117 (Hursey's response to second motion for summary judgment), ECF Nos. 242, 243 (Hursey's responses to first motion for summary judgment).) Accordingly, as an alternative, the undersigned respectfully recommends that this Court grant Defendants' motion for summary judgment due to Hursey's failure to comply with the requirements of Fed. R. Civ. P. 56(c).

## V. Recommendation

I respectfully recommend that the Court GRANT Defendants' motion for summary judgment (ECF No. 239) and dismiss this case.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   April 27, 2020                         /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U.S. MAGISTRATE JUDGE